PRESENT:  All the Justices

MITCHELL KAMBIS, ET AL.

v.  Record No. 140983

OPINION BY
JUSTICE CLEO E. POWELL
November 12, 2015

APRIL CONSIDINE, ET AL.

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

Mitchell Kambis ("Kambis"), Elegant Homes of Virginia ("Elegant Homes") and John Rolfe Realty (collectively, the "Kambis parties"), appeal the decision of the trial court to award sanctions to April Considine ("Considine"), Patricia Wolfe and Villa Deste, LLC ("Villa Deste") (collectively, the "Considine parties").  Finding no error, we will affirm the decision of the trial court.[1]

I.  BACKGROUND

Kambis owns John Rolfe Realty and Elegant Homes of Virginia.  From 1999-2011, Kambis was in a romantic relationship with Considine.  On October 25, 2000, Kambis and Considine formed and were the sole members of Villa Deste.  The purpose of Villa Deste was to purchase and develop real estate for sale.  At some point after October 25, 2000, Considine's mother, Patricia Wolfe, loaned money to Villa Deste for the purchase and development of real estate and the construction of a home that Kambis and Considine later occupied.  By 2006, Villa Deste had acquired significant real estate holdings, including approximately 130 acres of undeveloped land in Albemarle County.

On December 31, 2005, Kambis and Considine signed a document titled "Assignment of Membership Interest" (the "Assignment").  Under the Assignment, Kambis transferred all of his

_____

[1] The Court has been advised that the appellant, Mitchell Kambis, died during the pendency of this appeal.  The appeal does not abate, however, and the Court will "retain jurisdiction and enter judgment . . . as if such event had not occurred."  Code  § 8.01-20.

interest in Villa Deste and its assets to Considine, for value received. Thereafter, Considine was the sole owner of Villa Deste.

Sometime later, the romantic relationship between Kambis and Considine ended. On October 13, 2009, the Kambis parties filed a complaint alleging seventeen claims against the Considine parties. The Kambis parties also recorded a memorandum of lis pendens against the properties owned by Villa Deste and the home owned by Considine. The Considine parties demurred and filed a plea in bar asserting that the applicable statute of limitations had run on certain claims. In response, the Kambis parties moved for and obtained leave to amend their complaint. Although a first amended complaint was attached to their motion to amend, the Kambis parties subsequently filed a second amended complaint.

In the second amended complaint, the Kambis parties alleged nineteen claims against the Considine parties, including fraud, defamation, unjust enrichment, replevin, battery, enforcement of a mechanic's lien, intentional infliction of emotional distress, and a number of derivative claims. The Considine parties again demurred and filed a plea in bar. They also filed a motion for sanctions pursuant to Code § 8.01-271.1 against the Kambis parties and their counsel, arguing that the actions they undertook during the litigation were not warranted by existing law and were taken to harass.

On October 18, 2012, after hearing argument on the demurrer and plea in bar, the trial court dismissed fourteen of the nineteen claims with prejudice; a fifteenth claim was dismissed without prejudice. Additionally, the trial court released the memorandum of lis pendens on the properties. The order releasing the lis pendens was recorded by the clerk on December 12, 2012.

On March 5, 2013, the Kambis parties filed their third amended complaint, again raising the claims that had not been dismissed previously, including claims for fraud, replevin, battery,

intentional infliction of emotional distress, and unjust enrichment. The Considine parties filed a counterclaim relating to the fraud claim. After further demurrers, special pleas in bar, and motions for summary judgment were filed, the court subsequently dismissed the replevin claim.

Shortly before trial, counsel for the Kambis parties moved to withdraw from the case. On September 11, 2013, after hearing argument on the matter, the trial court granted the motion to withdraw. Seeking to avoid further delay while the Kambis parties sought new counsel, the Considine parties moved for the trial court to grant a continuance only with regard to the claims against the Considine parties, but to hear Kambis' individual claims against Considine on the original trial date, September 23, 2013. The trial court granted the motion, noting that Kambis' individual actions were a significant cause of the delays that the parties had already experienced.

On September 20, 2013, three days prior to the scheduled trial on his individual claims, Kambis, proceeding pro se, moved to nonsuit his individual claims (fraud, battery, and intentional infliction of emotional distress) against Considine. On the morning of trial, the trial court granted Kambis' motion to nonsuit his battery and intentional infliction of emotional distress claims. However, because Considine had filed a counterclaim related to Kambis' fraud claim, the trial court denied Kambis' motion to nonsuit on that claim.

The trial court subsequently ruled against Kambis on an evidentiary matter and quashed one of his subpoenas. Thereafter, Kambis commented that he was not capable of going forward due to the complexity of the litigation and again asked for a continuance. The trial court denied his request. After discussing the matter with an unaffiliated attorney who happened to be in the courtroom at the time, Kambis moved to dismiss the fraud claim. The trial court granted the motion but made no ruling as to whether the dismissal was with or without prejudice.

On January 15, 2014, the Kambis parties recorded a new memorandum of lis pendens against the properties and the home. The Kambis parties then moved to vacate the trial court's October 18, 2012 order releasing the original memorandum of lis pendens.

On February 18, 2014, the trial court heard argument on the Kambis parties' motion to vacate the October 18, 2012 order releasing the original memorandum of lis pendens. At the same hearing, the trial court heard argument on Considine's motion for entry of an order dismissing Kambis' claims with prejudice. In response, Kambis sought to withdraw his motion to dismiss the fraud claim against Considine, arguing that he never would have moved for dismissal had he known it was with prejudice. After considering the parties' arguments, the trial court granted the Kambis parties' motion to vacate the October 18, 2012 order releasing the original memorandum lis pendens as well as Considine's motion for entry of an order dismissing Kambis' fraud claim with prejudice.

On February 28, 2014, the trial court held a hearing on the Considine parties' motion for sanctions. The Considine parties sought attorney's fees and costs in the amount of $137,819.61 from Kambis and his original counsel and $83,505.62 from Kambis alone.

On March 14, 2014, the Kambis parties moved to nonsuit their remaining claims against the Considine parties. On March 24, 2014, the trial court granted the motion to nonsuit. It also granted the Considine parties' motion for sanctions. In determining the amount of sanctions, the trial court explained that it looked at the number of claims, the type of claims, and whether the Kambis parties' behavior increased the cost and duration of the litigation in violation of Code § 8.01-271.1. The trial court attributed the costs related to the filing of an untimely appeal and an improper derivative claim (neither of which is relevant to the present case) to the Kambis parties' original counsel and awarded sanctions in the amount of $64,319.38 against the Kambis parties'

original counsel.  The trial court also found that there was "a certain level of intent to intimidate Ms. Considine in this particular case" and that Kambis personally "was aware of the extent of the litigation" based on an e-mail he sent to his original counsel.  Accordingly, the trial court held Kambis "responsible for the costs of the trial and going forward" and ordered him to pay $84,541.61 in sanctions.  The trial court then issued a final order striking the matter from the docket.

Kambis appeals the award of sanctions.

## II.  ANALYSIS

On appeal, Kambis argues that the trial court's award of sanctions was in error because the award was not based on any of the reasons enumerated in Code § 8.01-271.1.  According to Kambis, the record demonstrates that his fraud claim was well grounded in law and fact, as it had survived demurrers, special pleas in bar and a motion for summary judgment.  He further asserts that there was no finding that he brought the action or made a filing for an improper purpose recognized under Code § 8.01-271.1.  In making this argument, Kambis claims that there is a distinction to be drawn between bringing an action or making a filing for the purpose of intimidating the opposing party and bringing an action or making a filing for an improper purpose.

"In reviewing a trial court's decision to impose a sanction pursuant to Code § 8.01-271.1, we apply an abuse of discretion standard."  Shebelskie v. Brown, 287 Va. 18, 26, 752 S.E.2d 877, 881 (2014).

> In applying that standard, we use an objective standard of
> reasonableness in determining whether a litigant and his attorney,
> after reasonable inquiry, could have formed a reasonable belief that
> the pleading was well grounded in fact, warranted by existing law
> or a good faith argument for the extension, modification, or

5

reversal of existing law, and not interposed for an improper purpose.

Flippo v. CSC Assocs. III, L.L.C., 262 Va. 48, 65-66, 547 S.E.2d 216, 227 (2001).

The relevant portion of Code § 8.01-271.1 states:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Notably, the three enumerated bases for awarding sanctions under Code § 8.01-271.1 are stated in the conjunctive. As such, an attorney or litigant's "failure to comply with any one of these statutory requirements invokes the sanctions provisions of the statute." Williams & Connolly, LLP v. People for the Ethical Treatment of Animals, Inc., 273 Va. 498, 510, 643 S.E.2d 136, 141 (2007).

Throughout his argument, Kambis implies that the award of sanctions was in error because his pleadings were "well grounded in fact" and "warranted by existing law." Indeed, we agree that there is no indication in the record that the trial court awarded sanctions against Kambis based on the viability of any claim, or the lack thereof. Rather, it is clear that the trial court awarded the sanctions because it found that Kambis was using the present litigation for an improper purpose. Accordingly, we need not consider whether the pleadings in the present case were well grounded in fact or warranted by existing law. Instead, we focus on whether they were interposed for an improper purpose.

Although Code § 8.01-271.1 only provides three examples of improper purposes (i.e., to harass, to cause unnecessary delay or to needlessly increase the cost of litigation), we note that these examples are prefaced with the phrase "such as." Thus, it is readily apparent that this is by

6

no means an exhaustive list. In determining whether a pleading is interposed for an improper purpose, we are guided by the purpose of Code § 8.01-271.1 as well as various policy considerations. This Court has recognized that one purpose of Code § 8.01-271.1 is to "reduc[e] the volume of unnecessary litigation." Oxenham v. Johnson, 241 Va. 281, 286, 402 S.E.2d 1, 3 (1991) (emphasis added). Additionally, "[t]he possibility of a sanction can protect litigants from the mental anguish and expense of frivolous assertions of unfounded factual and legal claims and against the assertions of valid claims for improper purposes." Id. Similarly, "sanctions can be used to protect courts against those who would abuse the judicial process." Id.

Here, the trial court specifically found "a certain level of intent to intimidate Ms. Considine in this particular case[] and that Mr. Kambis was aware of the extent of the litigation." In other words, the trial court found that Kambis was pursuing his claims in a manner that demonstrated he was less interested in vindicating his legal rights and more interested in intimidating and injuring Considine. It is readily apparent that a claim brought for such vengeful and vindictive reasons is brought for an improper purpose under Code § 8.01-271.1. See Northern Va. Real Estate, Inc. v. Martins, 283 Va. 86, 112-113, 720 S.E.2d 121, 134 (2012) (determining that an action "filed out of a vindictive and malevolent desire to injure and intimidate a business competitor" was brought for an improper purpose).

Further, we find ample evidence in the record to support the trial court's ruling that Kambis sought to use the present litigation to intimidate Considine. For example, the initial complaint contained seventeen claims. Faced with a demurrer and a plea in bar, the Kambis parties amended the complaint, adding two additional claims and modifying significant facts, such as changing references to verbal contracts into written contracts. Then, after almost four years of litigation and further amendments to the complaint, a majority of the claims were

7

dismissed because they either failed to state a claim or were barred by the applicable statute of limitations.[2] Those claims that were not dismissed were eventually nonsuited or voluntarily dismissed, but only after the Considine parties further expended a significant amount of time and money in preparing for trial.

Additionally, we cannot overlook the fact that Kambis was aware of how much the litigation was costing Considine. In the email that he sent his attorney on August 30, 2013, Kambis estimated Considine's expenses at over $250,000. The fact that Kambis' attorney withdrew from the case shortly thereafter due to Kambis' inability to pay his own attorney's fees further demonstrates his awareness of the size and complexity of this litigation. Furthermore, we note that, in the email, Kambis indicated that he is aware of his sanctionable actions, stating: "if we do not prevail, then the Motion for Sanctions will go forward and have a realistic chance of success for them."

Finally, at oral argument, counsel for Kambis expressly confirmed the trial court's findings by admitting that there was an intent to intimidate Considine through the filing of the pleadings.[3] Accordingly, we hold that the trial court did not abuse its discretion in awarding sanctions.[4]

---

[2] Our reference to the dismissed claims does not include the derivative claim or the improperly filed appeal, as the trial court expressly attributed these to the law firm that formerly represented Kambis. However, it made no such attribution with regard to the other dismissed claims.

[3] We recognize that almost any legal action is, in some way, intimidating. Such intimidation is inherent in our adversarial legal system and is generally not sanctionable, so long as the intimidation is a collateral effect of a party's legitimate attempt to vindicate a legal right. The spectre of sanctions arises when intimidation is no longer a collateral effect. Thus, where a party brings an action or makes a filing primarily to intimidate the opposing party, such an action or filing is improper and runs afoul of Code § 8.01-271.1.

[4] This Court also granted the Considine parties' assignment of cross-error relating to the trial court's decision to vacate its order releasing the memorandum of lis pendens. However, in light of the fact that this Court refused all of the Kambis parties' assignments of error related to

### III. CONCLUSION

For the foregoing reasons, we will affirm the trial court's award of sanctions.

Affirmed.

---

the encumbered properties, the Considine parties now argue that the issue is moot. Without addressing whether there was any error on the part of the trial court, we agree that the issue is moot.

We note, however, that the trial court did not order the release of the memorandum of lis pendens in its final order, thereby necessitating the Considine parties to return to the trial court and move for an order releasing the memorandum of lis pendens. Rather than require the Considine parties to expend further time and money on this already unnecessarily extensive litigation, and in the interests of judicial economy, as part of our affirmance of the trial court's award of sanctions, we will direct the Albemarle County Circuit Court Clerk to release the applicable memorandum of lis pendens.