COURT OF APPEALS OF VIRGINIA

Present:     Judges Petty, O'Brien and Senior Judge Clements
Argued by videoconference


JEREMY VON GUNTEN

MEMORANDUM OPINION* BY
v.      Record No. 1135-20-4              JUDGE WILLIAM G. PETTY
                                         APRIL 27, 2021
CARI LERCH


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
Brian M. Madden, Judge

Andrew J. Muzic (Marilyn Ann Solomon; Solomon Law Group, on brief),
for appellant.

(Kelly C. Ashby; Law Office of Kelly C. Ashby, P.C., on brief),
for appellee.  Appellee submitting on brief.


Jeremy Von Gunten (father) appeals the circuit court's decision regarding visitation of his

minor child with Cari Lerch (mother).  He argues that the court erred in denying his motion to

correct the order on visitation.  He also argues that the court erred in awarding sanctions against

him.  Mother seeks an award of attorney's fees and costs incurred in connection with this appeal.

For the reasons below, we affirm and remand to the circuit court for an award of attorney's fees and

costs to mother.

BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum

opinion carries no precedential value, we recite below only those facts and incidents of the

proceedings as are necessary to the parties' understanding of the disposition of this appeal.  "When

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Shah v. Shah, 70 Va. App. 588, 591 (2019) (quoting Congdon v. Congdon, 40 Va. App. 255, 258 (2003)).

Father and mother were divorced by final decree in 2016. The divorce decree incorporated the parties' 2014 separation agreement. In 2019, a hearing was held in the Frederick County Juvenile and Domestic Relations District Court on father's motion to amend custody and visitation of the parties' minor child. The juvenile court entered a final order ("juvenile court order") on the motion on September 19, 2019. The juvenile court order retained the visitation terms of the 2016 divorce decree, except that it eliminated father's mid-week visits, provided that father's weekend visitation would begin at 10:00 a.m. on non-school Fridays instead of 4:30 p.m. ("10:00 a.m. term"), and provided that both mother and father would have one week of vacation with the child.

Father appealed the order to the circuit court, and both parties filed statements of fact and conclusions of law. On January 29, 2020, a *de novo* hearing on visitation was held in the circuit court. According to the parties, the circuit court announced a tentative ruling from the bench. In the record on appeal, there is neither a transcript nor a recording of that hearing. The circuit court sent a memorandum to the parties on February 27, 2020, announcing its decision regarding visitation ("memorandum"). In the memorandum, the court stated, "Also as advised I am ordering more visitation for the father as follows" and then listed provisions for holiday visitation, winter break visitation, and summer vacation visitation. Those provisions referenced both the final decree of divorce and the juvenile court order and expanded the visitation previously awarded father. The memorandum instructed counsel for father to prepare the final order on visitation.

Father prepared a proposed final order that had the following term as paragraph one:

> 1. Visitation Otherwise Unchanged: Except as follows below, the visitation of the minor child, and the terms and conditions thereof, shall remain as set forth in the Frederick County Juvenile Domestic Relations District Court's order of September 17, 2019.

Mother revised the final order and sent it back to father with an email stating that "The majority of the changes were just to have all visitation provisions in one order, rather than spread over three orders." In mother's revised order, paragraph one was stricken and replaced with the following language:

> 1. Regular Visitation: Father shall have visitation with the minor child every other weekend from Friday at 4:30 p.m. through Sunday at 5:00 p.m.

Father accepted this change, and mother and father both endorsed the order. On April 2, 2020, the circuit court entered the order ("final order").

In June 2020, father filed a motion to enter a corrected final order, *nunc pro tunc*, to correct an alleged scrivener's error. Mother filed a motion in opposition with a request for sanctions. The circuit court held a hearing on July 8, 2020, during which it denied father's motion and awarded sanctions against father. The court entered a written statement in lieu of transcript ("written statement") on October 14, 2020, which the parties endorsed. The written statement contains the following explanation for the court's decision on the motion to correct: "Following argument by the parties' counsel, the [c]ourt, in an oral ruling from the bench, denied [father's] motion and awarded sanctions against [father's] counsel in the amount of $375, on the basis that [father's] motion was not 'well-founded.'" Father then filed a motion to reconsider the denial, and during a hearing on September 9, 2020, the circuit court denied the motion.

Father assigns error to the circuit court's decisions to deny his motion requesting a corrected final order and to award sanctions against him.

ANALYSIS

Father argues that the circuit court erred in declining to correct its final order to provide that father's weekend visitation begins at 10:00 a.m. on the Fridays when school is not in session. He

also argues that the circuit court erred in awarding sanctions against him in connection with his motion to correct. We disagree.

"It is well-established that a court speaks only through its written orders." Johnson v. Johnson, 72 Va. App. 771, 779 (2021) (quoting S'holder Representative Serv. v. Airbus Americas, Inc., 292 Va. 682, 690 (2016)). "It is presumed that written orders accurately reflect what transpired during the circuit court's proceedings." Id.

Father contends that the circuit court intended to incorporate the visitation terms of the juvenile court order into its ruling on visitation, and therefore that the court abused its discretion in declining to enter a corrected order to that effect.[1] He contends that the court's use of the word "more" in the memorandum was an implicit reference to and incorporation of the juvenile court order. Therefore, he argues that the omission of a reference in the final order to the juvenile court order's visitation terms was simply a scrivener's error.

The circuit court considered these arguments when it evaluated the motion to correct. During the hearing on the motion, the court was given an opportunity to consider whether the memorandum implicitly incorporated the juvenile court order and whether the final order therefore erroneously omitted the 10:00 a.m. term. The court apparently disagreed with the arguments and found there was no error to correct. According to the written statement, the court denied the motion and awarded sanctions "on the basis that [father's] motion was not 'well-founded.'" The record does not contain a transcript of that hearing. Given that "a court speaks only through its written

---

[1] Father makes a two-fold argument concerning the circuit court's decision to deny his motion to correct a final order. First, he argues that to the extent that the court premised the denial on its authority under Rule 1:1, it committed error because the omission of the 10:00 a.m. term was a scrivener's error. Second, he argues that to the extent the court concluded that the omission of the 10:00 a.m. term was not a scrivener's error, the court committed error because that finding was contrary to the evidence. While we agree that the circuit court had the authority to correct a scrivener's error, the evidence shows that the circuit court determined there was no scrivener's error to correct. Therefore, any argument regarding the circuit court's error as to authority is moot.

- 4 -

orders" and written orders are an "accurate[] reflect[ion]" of circuit court proceedings, Johnson, 72 Va. App. at 779, we presume that the court's finding accurately reflected its understanding of its own previous order. To say that the circuit court abused its discretion in declining to modify the final order when that decision was a rejection of the same arguments made now on appeal would be to "substitute our view of the facts for those of the trial court." See Petry v. Petry, 41 Va. App. 782, 790 (2003) (quoting Congdon v. Congdon, 40 Va. App. 255, 266 (2003)). We will not do so.

Father also argues that the circuit court abused its discretion by awarding sanctions against him when it denied his motion to correct. A circuit court commits an abuse of discretion in imposing or denying sanctions "only 'when reasonable jurists could not differ' as to the proper decision." Carrithers v. Harrah, 63 Va. App. 641, 653 (2014) (quoting Brandau v. Brandau, 52 Va. App. 632, 641 (2008)). "We apply this 'bell-shaped curve of reasonability' based on our 'venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie.'" Carrithers, 63 Va. App. at 654 (quoting Hamad v. Hamad, 61 Va. App. 593, 607 (2013)).

> In applying that standard, we use an objective standard of reasonableness in determining whether a litigant and his attorney, after reasonable inquiry, could have formed a reasonable belief that the pleading was well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and not interposed for an improper purpose.

Kambis v. Considine, 290 Va. 460, 466 (2015) (quoting Flippo v. CSC Assocs. Ill, L.L.C., 262 Va. 48, 65-66 (2001)).

According to the written statement, the circuit court awarded sanctions because the motion to correct "was not 'well-founded.'" Father had asked the circuit court to modify its own order based on what he argued was an implicit reference to the juvenile court order in the oral ruling and memorandum. Without further explanation in the record for the circuit court's

decision, we can presume that the court disagreed with the factual basis for father's motion and awarded sanctions as a result. As the court was "closest to the contest" in the interpretation of its own order, we cannot say that the decision to award sanctions was outside of the "bell-shaped curve of reasonability." See Carrithers, 63 Va. App. at 654 (quoting Hamad, 61 Va. App. at 607).

Finally, mother requested attorney's fees on appeal. We have held that "[t]he appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment [of attorney's fees]." Fox v. Fox, 61 Va. App. 185, 207 (2012) (quoting O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996)); see also Rule 5A:30(b) (authorizing an award of attorney's fees in an appeal involving child custody arising under Title 20). After considering the record and the arguments in this case, we grant mother's request.

## CONCLUSION

For the reasons stated above, we affirm the circuit court's decisions to deny father's motion and to award sanctions against him. We remand the matter to the circuit court for an award of attorney's fees and costs to mother incurred in this appeal, which should include any additional attorney's fees and costs incurred at the remand hearing.

Affirmed and remanded.