COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Huff and AtLee
Argued by videoconference

UNPUBLISHED

BRIAN D. BAILEY

MEMORANDUM OPINION* BY
v.        Record No. 0379-22-4        JUDGE ROBERT J. HUMPHREYS
                                       JANUARY 17, 2023

AMY K. SARINA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

Jennifer M. Guida (Westlake Legal Group, on brief), for appellant.

William Buffaloe (Jason Yan; O'Melveny & Myers, LLP, on brief),
for appellee.[1]

Brian D. Bailey ("father") appeals the circuit court's "Order Establishing Arrearage &

Payment of Child Support." He challenges the circuit court's assessment of $94,190.89 in child

support arrearages, inclusive of interest, against him. Father also argues that the circuit court erred

in denying his request for sanctions.

BACKGROUND

Under familiar principles of appellate review, "we view [the] evidence and all reasonable

inferences in the light most favorable to the prevailing party below." *Ridenour v. Ridenour*, 72

Va. App. 446, 450 (2020) (alteration in original) (quoting *Pommerenke v. Pommerenke*, 7

Va. App. 241, 244 (1988)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Attorney William Buffaloe was admitted *pro hac vice* to argue this case.

On August 12, 2009, the circuit court granted father and Amy K. Sarina ("mother") a final decree of divorce. The parties agreed to have joint legal and physical custody of the minor child. On October 1, 2010, the circuit court entered a child support order ("October 2010 order"), by agreement of the parties, setting father's support obligation at $802 per month. The parties utilized the "Shared Custody Support Guideline Worksheet" to calculate the support amount; the worksheet noted that it applied "[f]or support cases in which each parent has a child or children more than 90 days per year." The order noted that it was final.

On June 7, 2012, the circuit court awarded father temporary physical custody of the child and soon thereafter father filed a pendente lite motion to modify or suspend his child support obligation due to the change in circumstances. On July 6, 2012, the circuit court entered an "Agreed *Pendente Lite* Child Support Order" suspending father's child support obligation "until further order of [the circuit court] or agreement of the parties."

By order entered on December 12, 2012, the circuit court addressed both parties' most recent motions to modify custody and visitation.[2] The circuit court ordered that father shall be the primary custodial parent, with visitation to mother every other weekend and most Wednesday afternoons. However, at the time the December 12 order was entered, the child was in mother's custody pursuant to a preliminary protective order issued by the Loudoun County Juvenile and Domestic Relations District Court on November 5, 2012, and the circuit court deferred to the lower court's custodial schedule while the protective order was in place.

On March 29, 2013, mother filed a "Motion to Reinstate and Modify Child Support" in the circuit court. Mother noted that the child had been in her primary custody since October 2012 and

---

[2] The lengthy history between these parties includes numerous motions and orders regarding child custody and visitation, and support arrangements. Here we do not recite the entire history between the parties but mention only the circuit court orders relevant to resolving the assignments of error raised on this appeal.

that father had failed to pay child support since that time. Mother asked the circuit court to "reinstate child support payable by [father] to [mother] on behalf of the minor child, *pendente lite*," according to the sole custody guidelines. Ten days later, the Division of Child Support Enforcement (DCSE) filed a motion to intervene. DCSE stated that mother received Temporary Assistance for Needy Families (TANF) payments from November 2012 through February 2013 and that she received a total of $1,016. DCSE sought to intervene in this matter to determine the debt father owed to the Commonwealth of Virginia.

On April 11, 2013, the circuit court granted mother's motion to reinstate and modify child support by agreement of the parties. The circuit court ordered father to pay $1,591 for the month of April 2013 and for "any month in which the child remains in [mother's] primary physical custody," ("April 2013 order"). The circuit court noted that its order was "without prejudice to [mother] and/or [DCSE]'s right to seek retroactive support for any arrearages from November 1, 2012 to the present and through the date of any final hearing." The circuit court also stated that its order was "without prejudice to any future and/or final determination of child support between the parties."

The next month, May 2013, the child was returned to father's primary physical custody. Thus, in July 2013, father filed a "Motion to Suspend or Modify *Pendente Lite* Child Support." Then, in October 2013, mother filed a motion for child support arrears for the five-month period of November 2012 through March 2013—during this time, mother had sole physical custody of the child and she was unemployed from November 1, 2012 through January 21, 2013.

On December 30, 2013, the circuit court entered an "Agreed Child Support Order," stating that the order resolved father's motion to reduce child support, mother's motion to establish child support arrearages, and DCSE's motion to determine the debt owed to the Commonwealth of Virginia. The circuit court determined that father owed child support arrearages totaling $3,866, dating back to November 1, 2012. The circuit court ordered father to pay DCSE $1,016 in

arrearages and to pay mother $2,850 in arrearages. Although the order stated that it resolved father's motion to reduce child support, the circuit court did not address father's motion to reduce child support in this order. The circuit court concluded that the cause was final.

On June 6, 2014, the circuit court again modified the custody arrangement between the parties, ordering that father retain primary physical custody of the child, and increasing mother's time with the child to include Wednesday overnights, in addition to every other weekend. Several years later, mother and father each filed motions to modify custody and visitation. After conducting a hearing on the motions, the circuit court awarded sole legal and physical custody of the child to mother, with visitation to father on alternating weekends.[3] The circuit court entered this custody order on May 6, 2021.

In September 2021, father filed a motion to modify child support. On December 30, 2021, the circuit court entered an agreed order regarding child support, decreasing father's child support obligation pursuant to the sole custody guidelines to from $1,591, as determined in the April 2013 order, to $1,218 per month.

In October 2021, mother filed a motion to establish child support arrearages owed from June 6, 2014 through May 5, 2021. On February 11, 2022, the circuit court held a hearing on the motion. At the hearing, mother argued that the circuit court had not extinguished father's baseline obligation to provide financial support when each party had ninety days custody during a year, as was the custody arrangement for the period in question. According to mother, the baseline obligation was established in the October 2010 order, stating father owed $802 per month in child support. Mother argued that the April 2013 order did "not apply to all future custody situations between the parties," but was calculated using sole custody guidelines because mother had sole custody at the time it was

---

[3] Upon father's appeal, this Court affirmed the circuit court's judgment regarding custody. *Bailey v. Sarina*, No. 0589-21-4 (Va. Ct. App. July 19, 2022).

ordered. Mother sought total arrearages in the amount of $94,190.89, which included $66,566 ($802 x 83 months) in support arrearages and six-percent interest.

Father argued that the December 30, 2021 order acknowledged the April 2013 order was in effect from June 6, 2014 through May 5, 2021 by stating that it provided the child support obligation on May 6, 2021, when mother took primary physical custody of the child. The April 2013 order stated a child support obligation for when mother had primary physical custody of the child. According to father, because the circuit court did not award mother primary physical custody until May 6, 2021, she was not entitled to child support from June 6, 2014 to May 5, 2021. Father also asked the circuit court to impose sanctions and award him attorney fees.

On the same date as the hearing, the circuit court entered a written order holding that father owed $94,190.89 for child support arrearages. The circuit court stated that this "amount is derived from . . . mother's counsel's exhibits and arguments that the court [found] to be persuasive and the correct interpretation of the orders herein, inclusive of interest owing on said arrearage."

ANALYSIS

Order Establishing Arrearages

Six of father's assignments of error are distilled to one issue: whether the October 2010 order or the April 2013 order controlled from June 6, 2014 to May 5, 2021. Thus, we address assignments of error two, three, four, six, seven and eight, together as one.[4] Father argues that the April 2013 order controls and establishes that he did not have a child support obligation from June 6, 2014 to May 5, 2021, because he, and not mother, had primary physical custody of the child. Father contends that following the April 2013 order, he was only obligated to pay child support once primary physical custody was transferred to mother on May 6, 2021. Father alleges that the

_____

[4] Father withdrew his fifth assignment of error. We address the first assignment of error below.

- 5 -

circuit court erred in not finding that the October 2010 support order was rendered moot by the April 2013 order. Father argues that the April 2013 order became final after entry of the December 30, 2013 order, which resolved "all matters relative to child support[] arrears owed to [mother], and debts owed to the DSCE" and "rendered all previous orders in the cause final." Father argues in the alternative that the July 6, 2012 pendente lite order suspending father's child support obligation also modified the October 2010 order.

Mother asserts that "there is no written explanation or determination that modifies or cancels [father's] child support obligations pursuant to the October 2010 Child Support Order." Mother argues that "[t]he April 11, 2013 Order only applied to circumstances when [mother] has primary physical custody and [father] did not have custody of [the child] for more than [ninety] days of the year." There is no dispute that both mother and father had custody of the child for more than ninety days a year from June 6, 2014, through May 5, 2021. Mother contends that the October 2010 support order applied to these circumstances. Mother argues that the April 2013 order was not final and did not render moot the 2010 support order. Mother correctly argues that the October 2010 support order may not be retroactively modified.[5]

"The determination of child support is a matter of discretion for the circuit court, and therefore we will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence." *Ridenour*, 72 Va. App. at 452 (quoting *Niblett v. Niblett*, 65 Va. App. 616, 624 (2015)). Accordingly, "we will not invalidate a court's decree unless the only reasonable interpretation thereof requires invalidation." *Niblett*, 65 Va. App. at 623 (quoting *Stiles v. Stiles*, 48 Va. App. 449, 453 (2006)). Additionally, we recognize that circuit courts "have the authority to

---

[5] "A court may not retroactively modify a child support [order] to cancel a support arrearage or to relieve a parent of an accrued support obligation." *Milot v. Milot*, 64 Va. App. 132, 135 (2014) (alteration in original) (quoting *Bennett v. Commonwealth*, 22 Va. App. 684, 696 (1996)).

- 6 -

interpret their own orders." *Albert v. Albert*, 38 Va. App. 284, 297-98 (2002) (quoting *Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc.*, 260 Va. 137, 144 (2000)). On appeal, we "give deference to the interpretation adopted by the lower court." *Id.* at 298 (quoting *Rusty's Welding Serv. Inc. v. Gibson*, 29 Va. App. 119, 129 (1999)). Thus, we review a circuit court's interpretation of its own orders under the deferential abuse of discretion standard. *Bajgain v. Bajgain*, 64 Va. App. 439, 453 (2015).

The circuit court agreed with mother's interpretation that the October 2010 order provided the child support amount father owed mother when both parties have physical custody of the child more than ninety days in the year. This interpretation is supported by the language provided on the shared custody support guideline worksheet the parties used to determine the $802 amount of monthly support. The April 2013 order was entered on mother's motion for recalculation of "child support according to the sole child support guidelines, *pendente lite*." The order specifically provided that it applied to the month of April 2013 and for any month in which the child remains in mother's primary physical custody. The order stated that it is entered "without prejudice to any future and/or final determination of child support between the parties."

Contrary to father's argument, it is not clear from the record that the December 30, 2013 order finalized the April 2013 order, thereby rendering moot the October 2010 support order.[6] The December 30, 2013 order only made a specific ruling regarding arrearages due to mother and father's debt to Virginia Temporary Assistance to Needy Families for money paid to mother from

---

[6] Father also asserts that mother "conceded" that the April 2013 order was in effect from June 6, 2014 to May 5, 2021. Father relies on a footnote in mother's October 21, 2013 motion for child support arrears which stated that her motion "addresse[d] only November, 2012 through March, 2013 because child support was awarded to [m]other for April, 2013 forward." Mother responds to father's argument regarding the footnote by explaining that the footnote "simply provide[d] context to the subject of [mother]'s October 21, 2013 [motion], which was focused on obtaining payment for past due child support payments from November 2012 through March 2013 rather than any payments that may be due in April 2013 or later." Considering the footnote in context of mother's motion, father's argument that mother made a concession is meritless.

November 2012 to March 2013. It made no ruling on child support obligations going forward, nor did it mention the October 2010 or April 2013 orders.

It is not disputed that the October 2010 order established shared custody support guidelines applying to situations when both parents have ninety days' custody in a year. Neither the July 6, 2012, April 2013, nor December 2013 orders terminated father's obligation to pay child support when mother had at least ninety days of custody in the year. Therefore, we find no abuse of discretion in the circuit court's interpretation that the October 2010 order was effective from June 6, 2014 through May 5, 2021, and finding father obligated to provide child support to mother for those dates.

Exact Dollar Amount of Arrearages

Father's first assignment of error states that the circuit court "erred in failing to identify the exact dollar amount of arrearages from June 6, 2014 to May 5, 2021. Instead, the Court merely stated the amount of arrearages 'inclusive of interest owing on said arrearage.'" In its written order, the circuit court explicitly agreed with mother's calculation of arrearages including interest: the arrears exclusive of interest amounted to $66,566 and was "based upon payment of $802 per month for 83 months from June 6, 2014 through May 5, 2021," and with interest at a six-percent rate, the total arrearages owed was $94,190.89.[7] Father's assignment of error essentially states that the circuit court did not provide the exact calculation of the interest accumulation, and therefore did not provide enough information from which he could decipher error. An assertion that the circuit court did not provide enough information for father to determine if the circuit court erred is not

---

[7] Father's argument that interest only begins to accrue at the end of the arrearages period fails because "[t]he general rule is that in the absence of factors making it inequitable, interest should be assessed on unpaid installments of [support] from the date they mature or become due until the date they are paid." *Miederhoff v. Miederhoff*, 38 Va. App. 366, 374 (2002) (second alteration in original) (quoting *Alig v. Alig*, 220 Va. 80, 85 (1979)).

identification of any error.  Accordingly, we find no error in the circuit court's stated amount of arrearages inclusive of interest.

Sanctions

Father's ninth assignment of error challenges the circuit court's denial of sanctions against mother and her counsel.  This Court will only reverse a circuit court's sanction decision under Code § 8.01-271.1 if that court abused its discretion.  *Winters v. Winters*, 73 Va. App. 581, 589 (2021). Code § 8.01-271.1 provides for sanctions where a claim is not "well grounded in fact" or was brought for an "improper purpose."  Whether a litigant could reasonably have believed that a pleading was well-grounded in fact and warranted by existing law is assessed under "an objective standard of reasonableness."  *Kambis v. Considine*, 290 Va. 460, 466 (2015) (quoting *Flippo v. CSC Assocs. III, L.L.C.*, 262 Va. 48, 65 (2001)).

In awarding mother arrearages, the circuit court concluded that mother's "motion, written brief and oral argument [we]re all well-taken in fact and law."  Finding no error in the circuit court's decision to award arrearages, we also conclude that mother's claims were well-grounded and she did not bring them for an improper purpose.

Attorney Fees

Finally, father requests attorney fees incurred in this appeal.  "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary."  *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)).  In making such a determination, the Court considers "all the equities of the case."  Rule 5A:30(b).  After considering the record before us and all the equities of the case, we deny father's request for appellate attorney fees.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*