COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, O'Brien and Athey

BRUCE HENRY

MEMORANDUM OPINION[*]

v.      Record No. 1060-22-4                     PER CURIAM
                                                 APRIL 4, 2023

DOMINION TOWING & RECOVERY, LLC


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Tracy C. Hudson, Judge

(Bruce Henry, on briefs) *pro se*.

(Madeline G. Meckes; The Irving Law Firm, P.C., on brief), for
appellee.


Bruce Henry, *pro se*, appeals a judgment of the circuit court granting his motion for a

nonsuit and denying his motion to reconsider a sanctions award under Code § 8.01-271.1. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Accordingly, the circuit court's judgment is affirmed.

BACKGROUND

In June 2021, Henry filed a *pro se* complaint in the Circuit Court of Prince William County

alleging that Dominion had damaged his car while towing it in August 2019. Henry sought a total

of $6,335 in damages for repairs, mental anguish, and wanton conduct. Dominion filed an answer,

denying each paragraph of Henry's complaint. Several months later, Dominion filed a demurrer,

arguing that Henry failed to state a claim and that damages are not recoverable for mental anguish

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

and wanton conduct in cases that do not involve physical injury. Henry filed a response, arguing that Dominion, by filing its demurrer, "admits to the truth of what was stated in Plaintiff [Henry's] Motion for Judgment." Henry also moved for a change of venue, asserting that a circuit court judge had shown animus toward him in another case and "told other judges . . . to crack down on [him], which they did at two other hearings in a vicious manner."

In a February 18, 2022 order, the circuit court allowed Dominion to withdraw its answer to Henry's complaint. Henry noted his objection on the circuit court's order granting Dominion relief. The circuit court also sustained Dominion's demurrer and granted Henry leave to amend his complaint within 21 days. Henry subsequently filed documents to preserve his "objections to ambush," asserting that Dominion had not given him notice that it was moving to withdraw its original answer to his complaint. Henry also asserted that the circuit court judge was biased in favor of Dominion's counsel.

In March 2022, Henry filed an amended complaint, again alleging that Dominion had damaged his car while towing it. The amended complaint sought a total of $11,335 in damages for repairs, costs, and emotional suffering. Henry also filed motions to join two defendants, change the venue, and recuse the circuit court judge. Henry filed a motions day praecipe for his motions to be heard on May 27, 2022. In response, Dominion filed a demurrer, plea in bar, and objections to the motions to change venue and join additional defendants.[1] On March 31, 2022, Dominion also filed a motions day praecipe, scheduling argument on its motions on May 27, 2022. In its May pleadings, Dominion asked the circuit court to sanction Henry for his frivolous claim and "false representations." On May 26, 2022, Henry moved for a voluntary nonsuit of his case.

---

[1] Henry also filed a complaint against two of the circuit court's judges, alleging judicial misconduct, and a motion to hold Dominion's attorney in contempt "for telling lies two different times."

Having moved for a nonsuit, Henry did not appear at the May 27, 2022 hearing, so the circuit court continued Dominion's pending motions and Henry's motion for a nonsuit to June 17, 2022. Henry, however, did not appear at the June 17, 2022 hearing either. The circuit court entered its final judgment in two orders dated June 17, 2022; one order granted Henry's motion for a nonsuit, and the other granted Dominion's motion for $2,942.58 in sanctions.

Henry subsequently moved the circuit court to reconsider the sanctions award, arguing that he had not received notice that Dominion would move for sanctions at the June 17, 2022 hearing. He maintained that he had not had the opportunity to respond to the motion and asked for a rehearing to protect his due process rights. He also argued that the sanctions order was void because it contained an illegible "scribble mark" for the judge's signature. The circuit court denied Henry's motion to reconsider by order entered on July 6, 2022. On August 2, 2022, Henry noted an appeal from both the circuit court's June 17, 2022 and July 6, 2022 orders.

## ANALYSIS

Henry's *pro se* opening brief contains 31 assignments of error that generally challenge the sanctions award, the order permitting Dominion to withdraw its answer and file a demurrer to the original complaint, and the allegedly unethical and unlawful conduct by the circuit court judge and Dominion's counsel. Of the two orders Henry appeals, he timely noted an appeal only from the circuit court's ruling denying the motion to reconsider the sanctions award, so we do not have jurisdiction to consider Henry's arguments related to the circuit court's judgment permitting Dominion to withdraw its answer and file a demurrer. *See* Code § 8.01-675.3. In addition, we do not consider Henry's claims that he has made on appeal against the circuit court judge and Dominion's counsel alleging ethical violations because these arguments fail to address a ruling of the circuit court. *See* Rule 5A:20(c)(2). Finally, not all of Henry's arguments challenging the

circuit court's ruling on the motion to reconsider the sanctions award are properly before the Court, *see* Rules 5A:20(c) and 5A:18, and the remaining arguments fail to demonstrate any error.

I. Henry did not timely note an appeal from the circuit court's June 17, 2022 final judgment.

"[N]o appeal will be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, . . . counsel files with the clerk of the trial court a notice of appeal." Rule 5A:6; *see also* Code § 8.01-675.3. The timely filing of a notice of appeal is a jurisdictional requirement. *Nicholson v. Commonwealth*, 300 Va. 17, 22 (2021). "[T]o confer active jurisdiction on an appellate court, a notice of appeal must be timely, and it must 'adequately identif[y] the case to be appealed.'" *Id.* (quoting *Roberson v. Commonwealth*, 279 Va. 396, 407 (2010)); *see also Ghameshlouy v. Commonwealth*, 279 Va. 379, 391 (2010) ("[T]he filing of a timely notice of appeal is a prerequisite to an appellate court's obtaining and exercising jurisdiction over a case.").

The circuit court entered orders reflecting its final judgment on June 17, 2022, granting Henry's motion for a nonsuit and awarding Dominion sanctions. *See Northern Va. Real Est., Inc. v. Martins*, 283 Va. 86, 104 (2012) (holding that nonsuit orders are "sufficiently imbued with the attributes of finality to satisfy the requirements of Rule 1:1" (quoting *James v. James*, 263 Va. 474, 481 (2002))); *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002) ("[A] final judgment is one which disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment."). The circuit court subsequently denied Henry's motion to reconsider its sanctions award by order entered on July 6, 2022. Henry filed his notice of appeal on August 2, 2022. The notice of appeal timely challenged the circuit court's denial of his motion to reconsider; however, it was filed 46 days after the circuit court entered the nonsuit and sanctions orders, and therefore was filed after the 30-day time frame which Rule 5A:6 and Code § 8.01-675.3 establish. *See Vokes v. Vokes*, 28 Va. App. 349, 356-57 (1998) ("The thirty-

- 4 -

day period of Rule 5A:6(a) cannot be tolled by either the filing of a post-judgment motion to set aside or reconsider the judgment or the pendency of such a motion on the thirtieth day after final judgment."); *School Bd. v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556 (1989). Consequently, we have jurisdiction to consider Henry's arguments only to the extent that they challenge the circuit court's denial of his motion to reconsider the sanctions award. Therefore, we do not consider Henry's assignments of error which target either the circuit court's ruling allowing Dominion to withdraw its answer or its ruling sustaining Dominion's demurrer to Henry's original complaint. Rule 5A:6(a).

> II. Henry's assignments of error alleging that Dominion's trial counsel and the circuit court judge acted unethically and unlawfully do not challenge a ruling of the circuit court.

"Under a heading entitled 'Assignments of Error,' the [opening] brief must list, clearly and concisely and without extraneous argument, the specific errors *in the rulings below*—or the issue(s) on which the . . . court appealed from failed to rule—upon which the party intends to rely." Rule 5A:20(c) (emphasis added). "An assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court . . . from which an appeal is taken . . . is not sufficient." Rule 5A:20(c)(2). As the Supreme Court has stated, "[A]n assignment of error is not a mere procedural hurdle an appellant must clear in order to proceed with the merits of an appeal. Assignments of error are the *core* of the appeal." *Stoltz v. Commonwealth*, 297 Va. 529, 534 (2019) (quoting *Forest Lakes Cmty. Ass'n v. United Land Corp. of Am.*, 293 Va. 113, 122 (2017)); *cf. Parker v. Carilion Clinic*, 296 Va. 319, 332 (2018) (dismissing an assignment of error under Rule 5:17(c)(1)(iii) that did not address the circuit court's ruling).

Many of Henry's assignments of error allege that Dominion's *trial counsel* erred by failing to provide him with notice of the motion for sanctions. He contends that Dominion's counsel ambushed him by arguing an oral motion for sanctions at the June 17, 2022 hearing and violated the

"American Rule" by seeking attorney fees under Code § 8.01-271.1. Henry further alleges that the circuit court judge violated the Canons of Judicial Conduct by allegedly failing to disclose a relationship that Henry claims the judge had with Dominion's counsel that, Henry also alleges, created a conflict of interest. We cannot consider these assignments of error because they do not challenge a ruling of the circuit court that is at issue in this appeal. *See Coleman v. Commonwealth*, 60 Va. App. 618, 621 (2012) (dismissing an appeal because the assignment of error did not challenge a finding or ruling of the circuit court). *See* Rule 5A:20(c)(2).

> III. The circuit court did not err by denying Henry's motion to reconsider its sanctions award.

A *pro se* party must sign every "pleading, motion, or other paper" and "state his address." Code § 8.01-271.1(A). Such a signature certifies

> that (i) [the *pro se* party] has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Code § 8.01-271.1(B). If a pleading is signed in violation of those provisions, "the court, upon motion *or upon its own initiative*, shall impose upon the person who signed the paper . . . an appropriate sanction, which may include an order to pay the other party . . . the amount of the reasonable expenses incurred . . . , including reasonable attorney fees." Code § 8.01-271.1(D) (emphasis added). We review a circuit court's decision to impose sanctions under Code § 8.01-271.1 for an abuse of discretion. *Kambis v. Considine*, 290 Va. 460, 466 (2015) (citing *Shebelskie v. Brown*, 287 Va. 18, 26 (2014)).

Henry contends that the circuit court erred by denying his motion to reconsider its sanctions award because Dominion did not file a written motion for sanctions. He argues that the circuit court should have reconsidered the award after giving him the opportunity to respond via a show cause

order or otherwise. The record belies Henry's argument. Dominion's written plea in bar to the amended complaint, which it filed in the trial court on March 31, 2022, explicitly stated that the court can impose sanctions such as attorney fees, and explicitly requested "attorney's fees for defending this frivolous claim under Va. Code § 8.01-271.1." The record indicates that Henry was served notice that the plea in bar was set to be heard on May 27, 2022, and then on June 17, 2022, but he did not appear at either hearing. In addition, Code § 8.01-271.1 does not require a party to file a written motion before a circuit court may award sanctions. Indeed, the statute explicitly authorizes a court to award sanctions "upon its own initiative" when a pleading asserting a frivolous claim is signed. Code § 8.01-271.1(D).

Henry also argues that the circuit court erred by denying his motion to reconsider its sanctions award because he had filed a written notice that he was taking a nonsuit of right under Code § 8.01-380. He contends that the case immediately ended when he filed his motion for a nonsuit and the court therefore lacked the authority to enter a subsequent order awarding sanctions. Again, we disagree. Henry's motion for a nonsuit did not immediately end his case. Instead, the circuit court appropriately scheduled a hearing on the motion and, after finding that Henry satisfied Code § 8.01-380's requirements, entered an order granting a nonsuit. That order, not Henry's motion, was "sufficiently imbued with the attributes of finality to satisfy the requirements of Rule 1:1." *Martins*, 283 Va. at 104 (quoting *James*, 263 Va. at 481). Thus, the circuit court did not err by denying Henry's motion to reconsider its sanctions award.[2]

---

[2] Henry also argues that the trial court's order granting sanctions is "not signed by a judge," but there is a signature by a judge of the Circuit Court of Prince William County on the order. Furthermore, Henry's argument that the sanctions award should have been considered by a jury because he had demanded a jury trial was not specifically listed as an assignment of error in his brief. *See Kirby v. Commonwealth*, 264 Va. 440, 444-45 (2002). In addition, Henry argues that the circuit court erred by failing "to look at the record to determine if [he] had been served a copy of [Dominion's] Attorney Fee Affidavit." Henry, however, did not present that argument to the circuit court in his motion to reconsider the sanctions award, and we will not consider it for the first time on appeal. *See* Rule 5A:18. Although there are exceptions to Rule

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.[3]

*Affirmed.*

---

5A:18, Henry does not invoke them, and the Court will not apply the exceptions sua sponte. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc).

[3] Given our decision today, we also deny Henry's motion for an order to clarify that would have directed the circuit court to explain or clarify certain statements it made on February 18, 2022, and June 17, 2022.